# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

---

PAUL D. AMMERMAN,
    PLAINTIFF,

                           Civil Action No.  23-cv-156-jdp

    v.

Correctional Officer Jackson, Correction Officer at CCI,
Sergeant Teirstrip, Sergeant at CCI,
Nurse Johnson, Nurse at CCI,
John/Jane Doe, Health Service Unit Worker at CCI,
Individually, Personally and/or in their Official Capacity,
        Defendants.

---

## CIVIL COMPLAINT PURSUANT TO 42 U.S.C. § 1983

---

## I. JURISDICTION AND VENUE

1.   This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has Jurisdiction under 28 U.S.C. Section 1331 and 1342 (a)(3). Plaintiff Ammerman seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Ammerman's claims for injunction relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rule of Civil Procedures.

2.   The Western District of Wisconsin is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the event giving rise to this claim occurred.

## II. PLAINTIFF

3.      Plaintiff Ammerman is mentioned herein a prisoner of the State of Wisconsin in the custody of the Wisconsin Department of Corrections. His current location is at Columbia Correctional Institution.

## III. DEFENDANTS

4.      Defendant, Correctional Officer Jackson, was a Correctional Officer at Columbia Correctional Institution, who was notified that Ammerman was having heatstroke symptoms. Who at all times during this action was employed at Columbia Correctional Institution.

5.      Defendant, Sergeant Tierstrip (spelling maybe wrong), was a Sergeant at Columbia Correctional Institution, who was notified that Ammerman was having heatstroke symptoms. Who at all times during this action was employed at Columbia Correctional Institution.

6.      Defendant, Nurse Johnson, was a nurse at Columbia Correctional Institution, who was notified that Ammerman was having heatstroke symptoms. Who at all times during this action was employed at Columbia Correctional Institution.

7.      Defendant, John/Jane Doe, was a Health Service Worker at Columbia Correctional Institution, who was notified by Sgt. Tierstrip (spelling maybe wrong) that Ammerman was not feeling well (on 6/9/21) and at all times during this action was employed at Columbia Correctional Institution.

## IV. EXHAUSTION OF REMEDIES

**Exhaustion of Ventilation System**

8.      On or around 6/28/21, Ammerman complains to the ICE regarding that the ventilation system was broken in Segregation and was assigned the number CCI-2021-9475.

9.      On or around 6/21/21, this complaint was rejected by the ICE as being moot as the ventilation system was fixed.

**Exhaustion of Heatstroke Symptoms**

10.     On or around 6/28/21, Ammerman complains to the ICE regarding the deliberate indifference of heatstroke symptoms that Ammerman was foregoing. This complaint was assigned the number CCI-2021-9906.

11.     On or around 7/7/21, the ICE recommended that this complaint be dismissed, however, it states, "Per Sgt. Tierstrip, inmate Ammerman after being moved to cell 40 did complain of not feeling well, HSU notified. 6/9 Ammerman is found unresponsive in cell,"

12.     On or around 7/12/21, Ammerman appealed this decision to Madison, and Madison reverses the ICE's decision for a more extensive investigation was required. However, the results were that they could not determine who Sgt. Tierstrip notified at HSU.

## V. STATEMENT OF CLAIMS

13.     On or around 6/8/2021, Defendant CO Jackson violated Ammerman's Eighth Amendment rights against "Cruel and unusual punishment," by being deliberately indifferent to Ammerman's medical needs, when Ammerman informed CO Jackson that he was having diarrhea, head aches, and muscle cramps. CO Jackson failed to act resulting in Ammerman falling and cracking his head open on the edge of a desk, needing to be rushed to the hospital for stitches and concussion review.

14.     On or around 6/8/2021, Defendant Sgt. Tierstrip (spelling maybe wrong) violated Ammerman's Eighth Amendment rights against "Cruel and unusual punishment," by being deliberately indifferent to Ammerman's medical needs, when Ammerman informed Sgt. Tierstrip that he was having diarrhea, head aches, and

muscle cramps. Sgt. Tierstrip failed to act resulting in Ammerman falling and cracking his head open on the edge of a desk, needing to be rushed to the hospital for stitches and concussion review.

15.    On or around 6/8/2021, Defendant Nurse Johnson violated Ammerman's Eighth Amendment rights against "Cruel and unusual punishment," by being deliberately indifferent to Ammerman's medical needs, when Ammerman informed Nurse Johnson that he was having diarrhea, head aches, and muscle cramps. Nurse Johnson failed to act resulting in Ammerman falling and cracking his head open on the edge of a desk, needing to be rushed to the hospital for stitches and concussion review.

16.    On or around 6/9/2021, Defendant John/Jane Doe violated Ammerman's Eighth Amendment rights against "Cruel and unusual punishment," by being deliberately indifferent to Ammerman's medical needs, when Ammerman informed Sgt. Tierstrip that he was having diarrhea, head aches, and muscle cramps; then Sgt. Tierstrip informed this defendant of said health problems. Defendant John/Jane Doe failed to act resulting in Ammerman falling and cracking his head open on the edge of a desk, needing to be rushed to the hospital for stitches and concussion review.

## VI. FACTS

17.    Between May 29th, 2021 and 6/4/21 Ammerman informed staff that he was on a hunger strike and a thirst strike. Ammerman was also located in Segregation without a fan and the windows were locked shut. Furthermore during the weekend of 6/4/21 there was a weather warning of a high temperature, and the ventilation system was broken, see Complaint Number CCI-2021-9475.

18.    To inform the Courts all contact with defendants were video recorded by Body Cam and can be proven, Ammerman has also requested that the video be retained for legal purposes (Exhibit – 1 – 3).

19.    On or around 6/8/21, Ammerman spoke early in the morning to CO Jackson about having heat stroke symptoms (diarrhea, muscle cramps, and head aches). Ammerman specifically stated that he was having: Diarrhea, headaches and muscle cramps. Also on this date Ammerman informed Sgt. Tierstrip that he was having these symptoms.

20.    During lunchtime and afternoon, Ammerman again informed CO Jackson and Sgt. Tierstrip that he was having these same symptoms. In fact, during lunch time medication Ammerman informed CO Jackson of this problem while Jackson was escorting the nurse. Jackson told Ammerman to drink water. Ammerman informed him that he was drinking water, but Ammerman was still having these symptoms. Ammerman also informed him that he could only drink so much water, because sometimes joggers would drink too much and die. Ammerman asked him if he wanted me to drown or die and Jackson responded with "sure."

21.    During the day (06-08-2021), Ammerman also put in a Health Service Request Form (known as a blue slip), and gave that blue slip to Sgt. Lloyd.

22.    Later that night, the cell door window broke, and they moved Ammerman into another room. At that time Ammerman cellie had bedtime medications. Ammerman informed Nurse Johnson that he was having these symptoms. She informed me to put in a "blue slip," and Ammerman informed her that he has done so already. Johnson then told Ammerman that he'll have to wait till the next day to be seen. Ammerman informed her that he might be dead by then.

23.    On 6/9/21 again Ammerman plead to Sgt. Tierstrip that he was not feeling well. Tierstrip ignored Ammerman and walked onward. Again all during that day Ammerman informed him that he was now starting to black out, and that Ammerman blacked out on the toilet for about 20 minutes. Again Tierstrip refused to help.

24.    At bedtime medication CO Rojah (spelling might be wrong) asked if Ammerman wanted his bedtime medication. Ammerman then woke up in the treatment room and the nurse was trying to clean up the blood off my face and head.

25.    On this date of 6/9/21, Ammerman was rushed to the hospital to have fluids pumped into him, to have five (5) stitches put into his head, and had a concussion review performed.

26.    In Ammerman's Inmate complaint report it specifically stated, "Per Sgt. Tierstrip, inmate Ammerman after being moved to cell 40 did complain of not feeling well, HSU notified." Then the next sentence it states, "6/9 Ammerman is found unresponsive in cell," (Exhbit-4). The complaint was ultimately dismissed however the Office of Secretary C. O'Donnell in Madison requested more investigation to be held. It was then found, "However, no name of the HSU person contacted was logged for follow up." (Exhibit-5)

## Relief Requested

**WHEREFORE,** Plaintiff respectfully prays that this court enter judgment:

27.    A permanent injunction ordering the Department of Corrections to follow policies regarding the safety and security of all inmates.

28.    A permanent injunction ordering the Department of Corrections to pay for any medical help to Ammerman dealing with Neurological damages that may occur later without cost to the Plaintiff. Including any living expenses that the plaintiff may not be able to pay from Neurological damages;

29.    The Plaintiff asks for the large amount in punitive damages to prevent the Department of Corrections from violating other people's individual rights in the future. In other words, to heavily punish the Department of Corrections.

30.    Plaintiff Ammerman seeks Compensatory damages in the amount of $ 75,000 dollars and $ 100,000 in Punitive Damages from CO Jackson for being deliberately indifferent to Ammerman serious medical need, by refusing to act.

31.    Plaintiff Ammerman seeks Compensatory damages in the amount of $ 75,000 dollars and $ 100,000 in Punitive Damages from Sgt. Tierstrip for being

deliberately indifferent to Ammerman's serious medical need, by knowing heat stroke symptoms and failing to act.

32.  Plaintiff Ammerman seeks Compensatory damages in the amount of $ 75,000 dollars and $ 100,000 in Punitive Damages from Nurse Johnson for being deliberately indifferent to Ammerman's serious medical need, by knowing heat stroke symptoms and failing to act.

33.  Plaintiff Ammerman seeks Compensatory damages in the amount of $ 75,000 dollars and $ 100,000 in Punitive Damages from John/Jane Doe for being deliberately indifferent to Ammerman's serious medical need, who was informed that Ammerman was not feeling well and failed to act.

34.  Plaintiff also seeks a jury trial on all issues triable by jury;

35.  Plaintiff also seeks recovery of their costs in this suit, and;

36.  Any additional relief this Court deems just, proper, and equitable.


DATED: 2-25-23


Respectfully submitted: _____

Paul D. Ammerman #253696
Columbia Correctional Institution
P.O. Box 900
Portage, WI 53901-0900

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Columbia, Wisconsin on  2-25-23

Paul D. Ammerman